UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BALTNAV SINGAPORE PTE LTD, ) | |
| ) | |
| Petitioner, ) | Case No. 1:24-cv-8898 |
| ) | |
| v. ) | |
| ) | |
| GLOBAL AMERICAN TRANSPORT LLC, ) | |
| ) | |
| Respondent. ) | |

**PETITION TO CONFIRM ARBITRATION AWARD**

NOW COMES Petitioner, BALTNAV SINGAPORE PTE LTD ("Baltnav" or "Petitioner"), by its undersigned counsel, seeks confirmation of the August 27, 2024, arbitration award issued by arbitrator Guy M. Campbell ("Award") and entry of judgment on the Award against Respondent, GLOBAL AMERICAN TRANSPORT LLC ("GAT" or "Respondent") pursuant to Chapter 2 of the Federal Arbitration Act, 9 U.S.C § 201-208 ("the FAA"). In support of its motion, Petitioner states as follows:

**PARTIES JURISDICTION AND VENUE**

1. Baltnav is a foreign corporation with its principal place of business located in Singapore. Baltnav is engaged in the arrangement of international shipping and freight transportation.

2. GAT is a Delaware limited liability company engaged in the business of handling or arranging for international transportation of cargo and is an authorized broker with the U.S. Department of Transportation (USDOT 3885849**)**. Its principal place of business is 77 West Wacker Drive, 45th Floor, Chicago, Illinois 60601.

3. This is a proceeding to confirm an arbitration award in this Court as allowed under Section 207 of the Federal Arbitration Act ("FAA"), as the Award arises from a conflict concerning a "maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration," 9 U.S.C § 2. Under Section 1 of the FAA, "maritime transactions…means charter parties," 9 U.S.C § 1.

4. This Court has subject matter jurisdiction over this action as the district courts of the United States have original jurisdiction over actions and proceedings falling under 9 U.S.C § 2, and such actions are deemed to arise under the laws and treaties of the United States. 9 U.S.C § 203.

5. Venue is proper under 9 U.S. Code § 204 because venue is proper in any district court of the United States which has jurisdiction over actions and Awards under 9 U.S. Code § 203. Venue is also proper in this Court as the Respondent's principal place of business is located within this district.

## PETITION TO CONFIRM ARBITRATION AWARD

6. Petitioner and Respondent entered into a Time Charter Party on January 30, 2024 ("Charterparty"). *See* Charterparty, **Exhibit 1**.

7. Pursuant to the Charterparty, Respondent, as owner of the m/v "China Spirit" ("the Vessel"), let the Vessel to the Petitioner, for a one-time charter from Australia to Oman carrying bulk grain ("the Cargo"). *See id.*

8. Under Section 9 of the Charterparty, Respondents had "the right to deduct value of bunkers on redelivery from last sufficient hire payment(s)." *See id,* at Section 116.

9. Under Section 11 of the Charterparty, if the Last Hire Payment became due at the time of redelivery, payment was to be estimated:

>as being the estimated time necessary to complete the voyage, and taking into account bunkers actually on board, to be taken over by the Owners and estimated disbursements for the Owners' account before redelivery. Should same not cover the actual time, hire is to be paid for the balance, day by day, as it becomes due. When the Vessel has been redelivered, any difference is to be refunded by the Owners or paid by the Charterers, as the case may be.

*Id.* at Section 11(c).

10. Under Section 45 of the Charterparty, all disputes arising out of the Charterparty:

>shall be arbitrated at London… No award shall be questioned or invalidated on the ground that any of the Arbitrators is not qualified as above, unless objection to his action be taken before the award is made. Any dispute arising hereunder shall be governed by English Law….for disputes where the total amount claimed by either party does not exceed US $100,000 the arbitration shall be conducted in accordance with the Small Claims Procedure of the London Maritime Arbitrators Association.

*Id.* at Section 45(b).

11. On January 20, 2024, Respondent delivered the Vessel to Petitioner at DLOSP Newcastle, Australia at 08:40 UTC. *See* Certificate of Delivery, **Exhibit 2**.

12. On March 15, 2024, Petitioner redelivered the Vessel to Owners at DLOSP Muscat, Oman at 04:06 UTC. *See* Certificate of Redelivery, **Exhibit 3**.

13. On March 15, 2024, Petitioner provided Respondent with the last Hire Statement, which provided the amount owed to Petitioner from the bunker fuel value and as a result of overpayment of hire, totaling USD 88,180.41. *See* Hire Statement, **Exhibit 4.**

14. On April 17, 2024, NorthStandard (Baltnav's protecting and indemnity club), on behalf of Petitioner, via email communication to Respondent, demanded the outstanding hire payment be paid within seven days. *See* First Email Chain, **Exhibit 5.**

15. On May 3, 2024, NorthStandard, on behalf of Petitioner, communicated to Respondent that Petitioners sought to commence arbitration, and that Respondent had 14 days to agree to one of the three provided arbitrators or to provide suggestions of its own. *See id.*

16. On May 22, 2024, Petitioner communicated to Respondent that the outstanding payment had not been made and that arbitration would commence on May 24, 2024. *See id.*

17. On May 24, 2024, Respondent communicated to Petitioner that the outstanding payment would be paid: "Apologize for the delay, which has been totally internal procedural hickup, and same will be settled next week." *See id.*

18. On March 25, 2024, Petitioner gave notice of arbitration to Respondent and arbitration proceedings commenced according to the Small Claims Procedure of the London Maritime Arbitrators Association. *See* Arbitration Award, at 4, **Exhibit 6.**

19. On June 17, 2024, Petitioner updated the last Hire Statement to reflect legal expenses and the arbitrator appointment fee. The amount owed to Petitioner in the Amended Hire Statement is USD 95,154.43. *See* Amended Hire Statement, **Exhibit 7.**

20. On June 26, 2024, Respondent communicated to Petitioner, "The Owners do not question the amount due to the charterers" but that it was not able to make payment. Respondent also requested the arbitration proceedings be temporized. *See* Second Email Chain, **Exhibit 8.**

21. On June 28, 2024, NorthStandard, on behalf of Petitioner, provided options for payment and a proposed payment schedule. *See id.*

22. On July 7, 2024, in response to Petitioner's proposed payment schedule, Respondent stated:

> As mentioned in previous correspondence, the Owners intended to effect the payment earlier. However various payments due to Owners, under separate fixtures, were not done, and are being legally pursued, hence the delay. The Owners thank charterers for their suggestion. As far as Owners are concerned, the schedule below is achievable, and is therefore proposed, for your members consideration:
> 22nd July - 35.000 USD
> 5th August - 15.000 USD
> 19th August - 20.000 USD
> 5th September – 18,180.41 USD

*See id.*

23. On July 1, 2024, NorthStandard, on behalf of Petitioner, responded with the following:

> The disputed sum is US$95,154.43 as this includes the sums already incurred appointing the arbitrator. Members have also rejected your payment schedule and proposed the following.
> 5th July - 35.000 USD
> 5th August - 15.000 USD
> 19th August - 20.000 USD
> 5th September – 25,154,43 USD

*See id.*

24. Respondent provided no response to Petitioner's July 1, 2024 communication.

25. On July 15, 2024, NorthStandard, on behalf of Petitioner, served its claim submission. *See* Claim Submission, **Exhibit 9.**

26. On August 16, 2024, NorthStandard, on behalf of Petitioner, communicated the following to the Arbitrator:

> The deadline for providing defence submissions expired earlier this week. Nothing has been received from the Respondents. No application for an extension of time has been made or an explanation of the delay given. In the circumstances, the Claimants make this application for the tribunal to now move to publish an award on this matter given the clear admission of the debt as evidence in the various attachments to the claim submissions.

*See* Arbitration Award, at 16.

27. On August 17, 2024, the arbitrator sent the following message to the parties: "I invite the Respondents to confirm or not whether they intend to participate in this arbitration by latest COB London 20 August 2024. A final order will follow." *Id.* at 17.

28. On August 20, 2022, after receiving no reply from Respondent, the arbitrator wrote to the parties as follows:

> I hereby order the Respondent/Owners by way of a final and peremptory order to serve their defence and counterclaim, if any latest 1700 hrs (UK time) 23 August 2024, failing which I shall proceed to make my award based on the submissions and documents before me, to the exclusion of others. Any non-participation on the part of the Owners will not prevent this arbitration from proceeding.

*Id.* at 19.

29. Respondent made no communication to Petitioner from July 1, 2024, to August 21, 2024.

30. On August 21, 2024, Respondents sent the following message to the arbitrator: "AS CHARTS TRYING TO MAKE ARRANGEMENTS FOR PAYMENT, COULD YOU PLS DELAY SAME TO 2ND SEPTEMBER 2024 PLS?" *Id.* at 20.

31. On August 21, 2024, the arbitrator replied to Respondent:

> The Owners have remained silent in this arbitration until now. In the meantime Claimant/(Charterers) submissions include an alleged overpayment of hire plus interest and plus the costs of this arbitration. Unless both parties confirm to me that this matter is settled, or subject to any agreement by the Owners to amend my final order, it stands.

*Id.* at 21.

32. On August 27, 2024, the Arbitration Award was issued, ordering Respondent to pay Petitioner for overpayment of hire:

> …the sum of US$ 88,180.41 (eighty-eight thousand one hundred and eighty dollars and 41 cents) together with interest thereon at 5.25% (five and one quarter per cent) per annum, compounded at three monthly rests from 19 March 2024 until the date of this award and at the same rate and on the same terms thereafter until payment.

*Id.* at C.

33. The arbitrator also ordered the Respondent pay Petitioner for legal fees as follows:

> …costs of the arbitration in the amount of £3,000 (three thousand Pounds Sterling) together with interest thereon, calculated at 5.25% (five and one quarter per cent) per annum, compounded at three monthly rests to run from the date of this award until payment."

*Id.* at D.

34. Further the arbitrator ordered the Respondent to pay Petitioner the cost of the Award as follows:

> the Owners shall forthwith pay to the Charterers the sum of £5,350 (five thousand, three hundred and fifty Pounds Sterling) together with interest thereon, calculated at 5.25% (five and one quarter per cent) per annum, compounded at three monthly rests to run from 25 June 2024 until the date of this award and at the same rate and on the same terms thereafter until payment.

*Id.* at E.

35. Under Section 207 of the FAA,

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

The Award was made and delivered on August 27, 2024. This Petition is therefore timely.

36. Section 13 of the FAA states that "[t]he party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk…[t]he agreement…[t]he award…[and] [e]ach notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award." 9 U.S.C. § 13.

37. No papers have been filed to confirm, modify, or correct the award. A copy of the Charterparty (Exhibit 1), the award (Exhibit 6), and Claim Submission (Exhibit 9) are attached herein. Notices of the arbitration contained in the First Email Chain (Exhibit 5) and Second Email Chain (Exhibit 8) are attached herein.

38. The Petition and exhibits hereto establish that all the prerequisites for an order to confirm the Award against Respondent and in favor of Petitioner are present.

39. WHEREFORE, Petitioner BALTNAV SINGAPORE PTE LTD respectfully requests that this Court:

1. Enter an order confirming the August 27, 2024, Award in favor of BALTNAV SINGAPORE PTE LTD and against GLOBAL AMERICAN TRANSPORT LLC in the amount of $99,216.60.

2. Enter judgment in favor of Petitioner and against Respondent in the amount of $99,216.60, plus interest, attorney fees, costs, and expenses of this action;

3. Petitioner be awarded such other and further relief as the Court deems just and proper.

Dated: September 25, 2024

Respectfully submitted,

**FLOYD ZADKOVICH (US) LLP**

/s/ Timothy S. McGovern
Timothy S. McGovern #6275492
Gabrielle Minotti #6345938
Floyd Zadkovich (US) LLP
53 West Jackson Boulevard Ste 835
Chicago, Illinois 60604
tim.mcgovern@floydzad.com
gabrielle.minotti@floydzad.com
(312) 805 9396
*Counsel for Petitioner*