**IN THE MATTER OF THE ARBITRATION ACT 1996**

AND

**IN THE MATTER OF AN ARBITRATION**

BETWEEN:

**BALTNAV SINGAPORE PTE LTD**

**Claimant**
(Charterers)

-and-

**GLOBAL AMERICAN TRANSPORT LLC**

**Respondent**
(Owners)

**M/V 'CHINA SPIRIT'**

Charter Party dated 30 January 2024

**ARBITRATION AWARD**

**Introduction**

1. By a contract evidenced by a fixture recap and proforma NYPE (1993) form of charter party dated 30 January 2024 (the 'Charterparty'), the Respondent ('Owners') let and the Claimant ('Charterers') chartered m/v China Spirit ('the Vessel') for one time charter trip from Australia to Oman carrying a cargo of grain in bulk.

2. The fixture recap provides for *'ENGLISH LAW - GA/ARB IN LONDON'*. Clause 45 of the proforma charter party determines law and arbitration procedure, including provision *'for disputes where the total amount claimed by either party does not exceed US $100,000 the arbitration shall be conducted in accordance with the Small Claims Procedure of the London Maritime Arbitrators Association.'*

3. A dispute has arisen with respect to an alleged overpayment of hire. The Charterer claimed the sum of US$ 95,154.43 which they said represents US$ 88,180.41 of overpaid hire due in refund plus US$ 6,974.02 which they said represents the payment by Charterers of £5,350 to the LMAA for the appointment of an arbitrator. Charterers acknowledge this does not form part of the principal claim for hire or damages but is a claim for costs. Charterers also claim interest and costs.

4. By a notice of arbitration dated 25 May 2024 the parties, under SCP rules insofar as both the claim excluding interest and costs fell below the US$ 100,000 limit, were obliged to try to agree between themselves to the appointment of a sole arbitrator. The parties were unable to agree upon a sole arbitrator and accordingly referred the matter to the President of the LMAA, who appointed me, the undersigned Guy Campbell of 14 Middleton Road, Shenfield, Essex, CM15 8DL, United Kingdom, to act as sole arbitrator in the reference.

5. I accepted the appointment in writing (email) on 25 June 2024. I am a chartered shipbroker, an Aspiring Full Member of the LMAA and a member of The Baltic Exchange.

6. A hearing was not requested or deemed necessary by me. This arbitration has been conducted on documents only.

7. The right to appeal the decision of this arbitration award is excluded under the terms of the SCP.

8. Furthermore, by agreeing to determine any disputes by way of the SCP, the parties accept that submissions and evidence are of a limited nature. They also accept that the reasons given for the arbitrator's decision will be brief.

9. The Charterers were represented throughout by NorthStandard Limited, The Quayside, Newcastle upon Tyne, NE1 3DU, United Kingdom. The Owners did not participate in this arbitration.

10. I am satisfied that reasonable efforts were made to ensure the Owners were aware of the proceedings against them and that the Owners were aware (see paragraphs 14-20 below). I can only conclude that Owners chose not to participate, other than one request to extend my final and peremptory order.

11. Although the Owners have not served any defence or otherwise participated in this arbitration, it is nevertheless my duty as arbitrator to examine the merits of the claim, weigh the evidence and decide the matter on a balance of probabilities. While a

Tribunal is not required to make a case for a respondent who does not participate, a claimant must prove their case. I confirm that I have proceeded on that basis.

12. Although the Owners have not sought to challenge my jurisdiction, and the dispute resolution provisions in the Charterparty are clear and unambiguous, I think it appropriate to first consider my jurisdiction, with a view to satisfying myself that the Tribunal was properly constituted. I conclude that it was.

13. Pursuant to section 30 of the Arbitration Act 1996, I find that I have power to rule on my own jurisdiction, that a valid notice of arbitration was served by the Charterers on the Owners, that the notice of arbitration was an effective notice of the commencement of arbitration proceedings, that it gave the Owners notice of the appointment of the sole arbitrator and that is put the Owners on notice to approve or otherwise the appointment, which they failed to do.

14. Accordingly, I find that that I have substantive jurisdiction to determine the dispute before me.

15. On 15 July 2024, claim submissions were served by NorthStandard.

16. On 16 August 2024, the following message was received by NorthStandard;

    *Dear Sir,*

    *The deadline for providing defence submissions expired earlier this week. Nothing has been received from the Respondents.*

    *No application for an extension of time has been made or an explanation of the delay given. In the circumstances, the Claimants make this application for the tribunal to now move to publish an award on this matter given the clear admission of the debt as evidence in the various attachments to the claim submissions.*

    *If the tribunal is not with us on moving to an immediate award, we would request in the alternative that the tribunal makes a final order for the service of submissions is given on a very short time frame closely followed by a peremptory order.*

17. On 17 August 2024, I replied to the parties;

   *I invite the Respondents to confirm or not whether they intend to participate in this arbitration by latest COB London 20 August 2024. A final order will follow.*

18. No reply was received.

19. On 20 August 2024, I wrote to the parties;

   *I hereby order the Respondent/Owners by way of a final and peremptory order to serve their defence and counterclaim, if any latest 1700 hrs (UK time) 23 August 2024, failing which I shall proceed to make my award based on the submissions and documents before me, to the exclusion of others.*

   *Any non-participation on the part of the Owners will not prevent this arbitration from proceeding.*

20. On 21 August 2024, the following message was received from Owners;

   *AS CHARTS TRYING TO MAKE ARRANGEMENTS FOR PAYMENT, COULD YOU PLS DELAY SAME TO 2ND SEPTEMBER 2024 PLS?*

21. On the same day, 21 August 2024, I replied to the parties;
   *The Owners have remained silent in this arbitration until now. In the meantime Claimant/(Charterers) submissions include an alleged overpayment of hire plus interest and plus the costs of this arbitration.*

   *Unless both parties confirm to me that this matter is settled, or subject to any agreement by the Owners[1] to amend my final order, it stands.*

22. No further response was received by the deadline that was set. Therefore, I proceeded to this Award based on the documents then before me.

23. Given that this case is being dealt with under the SCP it is not necessary for me to recite the background to this case or the parties' arguments in full. The issue to be determined is an alleged overpayment of hire.

---

[1] Reply to have read 'Charterers'

24. The seat of the arbitration is London, England.

**Background**

25. The Vessel delivered to Charterers DLOSP Newcastle, Australia on 30 January 2024 and was redelivered to Owners DLOSP Oman on 15 March 2024. Charterers final hire statement was provided to Owners on 19 March 2024 which Charterers say evidenced a sum of US$ 88,180.41 owed to Charterers because of an overpayment of hire.

26. The dispute is centred on the alleged failure to refund the overpayment of hire to the Charterers.

**The Charterers' Claim**

27. The Charterers' case is that they are entitled to a full refund of US$ 88,180.41 as hire paid but not earned. They also say that Owners admitted the sum was due and owing to Charterers by way of several messages from Owners including a proposal from Owners to remit in four instalments.

28. The Charterers also say they are entitled to a full refund of US$ 6,974.02 which represents the payment by Charterers of £5,350 to the LMAA for the appointment of an arbitrator.

29. Interest and costs. The Charterers also claim and interest and costs as the Tribunal sees fit.

**Discussion and findings**

30. Whilst the evidence is limited to the fixture recap, proforma charter party, Charterers' final hire statement and correspondence between the parties regarding proposals from Owners to settle the payment in instalments, it is reasonable to assess that the sum of US$ 88,180.41 is not disputed. Instead Owners have simply not refunded the sum to Charterers.

31. On that basis, I find that the Charterers' claim succeeds, though for the purposes of this Award I am separating the hire and arbitration costs.

**Conclusion**

32. Charterers' claim for reimbursement of hire that is due and owing succeeds. Charterers are therefore due US$ 88,180.41.

**Costs**

33. In accordance with the normal rule that costs follow the event, that the Charterers are entitled to their recoverable legal costs as well as the fees and costs of this arbitration which follow the event in the normal manner in accordance with English law, unless the parties have agreed otherwise.

34. The Charterers claim costs. I am mindful of the nature of the reference, the amounts involved and the current limitation on costs under the SCP, in the exercise of my discretion, I award the Charterers the sum of £3,000.

**Interest**

35. I have found and held that the Charterers are entitled to compound interest on the amount awarded at a rate and in a manner, which is usual in London maritime arbitration, to run from 19 March 2024, namely the date of the final hire statement in which reimbursement of hire was payable to the Charterers.

36. I have further found and held that the Charterers are entitled to compound interest on the amount awarded in respect of their recoverable legal costs, totalling £3,000 at a rate and in a manner, which is usual in London maritime arbitration, to run from the date of this award, until payment by the respondents.

37. I have also found and held that the Charterers are entitled to compound interest on the amount paid by the Charterers in respect of the LMAA Small Claims Procedure fee including the administration fee paid to the LMAA totalling £5,350 at a rate and in a manner, which is usual in London maritime arbitration, to run from 25 June 2024, which was the date or thereabouts on which the LMAA received payment of said fees, until payment by the Owners.

**The Award**

A) **I FIND AND DECLARE** that the arbitration was properly commenced, and I have substantive jurisdiction to determine the dispute before me.

6

**B) I FURTHER FIND AND DECLARE** that the Charterers' claim succeeds in the amount of US$ 88,180.41.

**C) I THEREFORE AWARD AND DIRECT** that the Owners shall forthwith pay to the Charterers the sum of US$ 88,180.41 (eighty-eight thousand one hundred and eighty dollars and 41 cents) together with interest thereon at 5.25% (five and one quarter per cent) per annum, compounded at three monthly rests from 19 March 2024 until the date of this award and at the same rate and on the same terms thereafter until payment.

**D) I AWARD AND DIRECT** that the Owners shall bear and pay their own and the Charterers' recoverable legal costs of the arbitration in the amount of £3,000 (three thousand Pounds Sterling) together with interest thereon, calculated at 5.25% (five and one quarter per cent) per annum, compounded at three monthly rests to run from the date of this award until payment.

**E) I FURTHER AWARD AND DIRECT** that the Owners shall bear and pay the cost of this my Award, in the total amount of £5,350 (five thousand three hundred and fifty Pounds Sterling) inclusive of my fee plus the fee of £350 (three hundred and fifty Pounds Sterling) paid to the LMAA. Insofar as the Charterers have already paid said amounts, the Owners shall forthwith pay to the Charterers the sum of £5,350 (five thousand, three hundred and fifty Pounds Sterling) together with interest thereon, calculated at 5.25% (five and one quarter per cent) per annum, compounded at three monthly rests to run from 25 June 2024 until the date of this award and at the same rate and on the same terms thereafter until payment.

**F) I DECLARE THAT THIS AWARD IS FINAL** as to the matters herein determined.

**GIVEN UNDER MY HAND in London,** this 27th day of August 2024

*[signature]*

..................................

Guy M Campbell

7